UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No.:   4:16 CR 380 CDP (SPM) |
| DOUGLAS DRUGER, | ) ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE TO LIMIT/PROHIBIT TESTIMONY OF TASK FORCE OFFICERS BRENT NANNEY AND EDWARD CLAY**

COMES NOW Defendant, Douglas Druger, by and through attorney Jason Korner and states as follows:

1. The Government has disclosed its intent to use Task Force Officer Brent Nanney and Edward Clay.

2. The Government has filed a statement pursuant to Rule 16(a)(1)(G) regarding the witness's opinions, the basis and reasons for those opinions, and the witness's qualifications.

3. The subjects of the officer's testimony presumably includes:

    a. The nature and source of methamphetamine, how prepared, packaged, distributed, etc.;

    b. Methods by drug couriers to hide and transport drugs and drug proceeds;

    c. Translation of "code words";

    d. Etc., (see Doc. 194).

4. Preliminarily, Defendant seeks an order limiting the witness's testimony to the scope of the Rule 16 disclosure.

5. Second, Defendant moves for a finding that the above described proposed areas of testimony are not appropriate for expert testimony, nor are Nanney or Clay qualified as an expert to testify to same, and in support thereof, state as follows:

   a. The district court serves as a "gatekeeper" for admission of scientific evidence. *United States v. Martinez*, 3 F.3d 1191, 1196 (8th Cir. 1993). The district court must conduct a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and whether the reasoning can be applied to the facts at issue. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 591 (1993). The factors the district court may consider include: (1) whether a theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) whether the technique is generally accepted. *Id*. at 593-94.

   b. The fundamental purpose of the gatekeeper requirement "is to make certain that an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). The basic task of the district court with regard to analyzing reliability is to determine whether the expert is qualified in the relevant field and to examine the methodology the expert used in reaching his conclusions. *Id*. at 153.

   c. "[W]here expert testimony's factual basis, data, principles, methods, or their applications are called sufficiently into question … the trial judge must

    determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Id*. at 149. When an "expert" is not applying experience and a reliable methodology, *Daubert* teaches that the testimony should be excluded.

d.  No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or a defense thereto. Fed.R.Evid. 704(b). Such ultimate issues are matters for the trier of fact alone. *Id*.; see, e.g., *United States v. Nersesian*, 824 F.2d 1294, 1308 (2d Cir. 1987).

e.  To the extent the Government is seeking to use "drug courier methodology" evidence, such is explicitly prohibited.

f.  Further, expert testimony cannot be used solely to bolster the credibility of the Government's fact-witnesses by mirroring their version of evidence. *United States v. Cruz*, 981 F.2d 659, 664 (2d Cir. 1992). An experts personal opinion that certain ambiguous conduct constitutes criminal behavior should be given little, if any, weight in assessing the sufficiency of the evidence. *United States v. Boissoneault*, 926 F.2d 230, 234-35 (2d Cir. 1991).

g.  Finally, expert testimony, like other forms of evidence, "may be excluded if its probation value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403.

Defendant is unaware as to how Nanney or Clay's testimony will be based on any theory, technique, or publication subject to peer review. Nanney and Clay, have not undergone the

professional study that ensures his testimony based on intellectual rigor. His testimony is cumulative and bolstering.

Nanney and Clay's likely testimony should be excluded because it has little probative value as to whether or not Defendant actually intended to participate in a drug conspiracy, possess firearms in furtherance of drug crimes, or possess drugs with the intent to distribute them – it is a backdoor for the Government to substitute its judgment for that of the jury.

Here, the Government's endorsed experts, Nanney and Clay, propose to testify as to whether Defendant's conduct is consistent with that of one having the intentions to commit the crimes charged. This type of expert testimony usurps the role of the jury. Any such testimony is speculative and it goes to an issue which the jury must evaluate on its own. Based on the evidence, it is for the jury, not Nanney, Clay, or other witnesses, to determine whether there is reasonable cause to believe Defendant committed the crimes with which he is charged. Further, Nanney and Clay's testimony is not based on sufficient methodology and merely attempts to mirror the testimony of the arresting officers.

WHEREFORE, for the foregoing reasons and as furthers developed in oral arguments, Defendant respectfully requests the Court grant his motion in limine and limit/prohibit the testimony of Government witness Brent Nanney and Edward Clay, and for such further relief as the Court may deem just and proper under the circumstance.

Respectfully submitted,

THE LAW OFFICE OF JASON A. KORNER

/s/ Jason A. Korner_____
Jason A. Korner # 58495
7911 Forsyth Blvd., Suite 300
Clayton, MO 63105
Phone: (314) 409-2659
Fax:    (314) 863-5335
jasonkorner@kornerlaw.com
Attorney for Defendant

Certificate of Service

The undersigned hereby certifies that on this 18th day of August, 2017, a true and accurate copy of the foregoing was served on all parties of record via the Court's electronic filing system.

/s/ Jason A. Korner_____